United States District Court
District of Massachusetts

```
                              )
John Doe,                     )
                              )
        Petitioner,           )
                              )
        v.                    )    Civil Action No.
                              )    26-11742-NMG
David Wesling, et al.,        )
                              )
        Respondents.          )
                              )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

In his petition for writ of habeas corpus (Docket No. 1) petitioner John Doe ("Doe" or "petitioner") contends that David Wesling and Todd Lyons (collectively, "respondents") have violated his statutory and due process rights by revoking his Order of Supervised Release ("OSUP") and detaining him pending removal.

Respondents maintain that petitioner's detention is statutorily authorized and constitutional because United States Immigration and Customs Enforcement ("ICE") lawfully revoked his supervised release after determining that, on account of changed circumstances, there is a significant likelihood that petitioner may be deported to Mexico in the reasonably foreseeable future. Respondents further argue that Doe's detention is authorized

-1-

based upon purported violations of his conditions of release. For the reasons that follow, Doe's petition will be allowed.

I.    **Background**

   **A. Facts**

Petitioner is a citizen and native of El Salvador. Between 2004 and 2016, petitioner was removed to El Salvador on at least four occasions, each time returning illegally to the United States. In 2018, Homeland Security Investigations ("HSI") deferred petitioner's removal for one year based upon his cooperation with the Federal Bureau of Investigation ("FBI"). Later that year, petitioner's deferred action was revoked and he was removed to El Salvador. In 2019, petitioner was apprehended at or near the southern border. He claimed a fear of returning to El Salvador and was released into the United States on bond after applying for withholding of removal under 8 U.S.C. §1231(b)(3).

In 2022, after a string of criminal arrests in Massachusetts, Doe's application for withholding of removal was denied by an Immigration Judge ("IJ") and he was again ordered removed to El Salvador. On appeal, the Board of Immigration Appeals ("BIA") remanded the case to the IJ who reversed the decision and granted Doe's application. Doe was released on an Order of Supervised Release ("OSUP") soon thereafter.

-2-

On April 15, 2026, petitioner was detained by ICE at a routine check-in.  He was told that his OSUP was being revoked because circumstances had changed such that there was a significant likelihood of removal in the foreseeable future and that ICE intended to remove him to Mexico.

## II.  Discussion

When a non-citizen is ordered removed from the United States, the federal government must effectuate that removal within 90 days. 8 U.S.C. §1231(a)(1)(A).  If the detainee has not been removed after 90 days, the government may continue its detention "for a period reasonably necessary to secure the alien's removal." Zadvydas v. Davis, 533 U.S. 678, 682 (2001).  That continued detention is presumptively reasonable for six months. Id. at 701.  After six months, the government may release the detainee on an OSUP. Id.; see also 8 C.F.R. § 241.13.

Before revoking an OSUP and re-detaining a non-citizen, ICE must determine that, based upon changed circumstances, removal has become significantly likely in the reasonably foreseeable future. 8 C.F.R. §241.13(i)(2).  Regulatory violations have been found where ICE summarily states that circumstances have changed without providing any specific support for that assertion. See, e.g., Arostegui-Campo v. Noem, 2025 WL 3280886, at *4 (E.D. Cal.

-3-

Nov. 25, 2025); Munagi v. McDonald, 813 F. Supp. 3d 225, 229 (D. Mass. 2025) (Gorton, J.).

## A. Application

In this case, respondents offer no changed circumstances as the basis for revoking Doe's OSUP.  Instead, they merely state that a review of petitioner's record prior to his April 15, 2026, check-in, "would have" revealed petitioner's prior reentries.  ICE then "would not have" considered removal to El Salvador based upon the withholding of removal and "would have" realized that Mexico was a viable third country of removal.

That is insufficient.  Not only does that hypothetical finding fail to establish any change of circumstances at all but, even if did, it would be insufficient under 8 C.F.R. § 241.13(i)(2).  Indeed, respondents do not even allege that they have contacted Mexico about Doe's removal, only that they have removed other aliens to Mexico in the past.  Simply choosing Mexico as a possible third country of removal does not constitute changed circumstances without some concrete likelihood that Doe himself will be removed in the reasonably foreseeable future.

Moreover, respondents' attempt to distinguish the facts of this case from those in Munagi is unavailing.  In that case, ICE claimed that a repatriation agreement with Kenya qualified as changed circumstances such that petitioner's removal was likely

-4-

in the reasonably foreseeable future. <u>Munagi</u>, 813 F. Supp. 3d at 229.   This Court concluded that ICE failed to provide sufficient information with respect to the repatriation agreement and that it therefore could not be considered a changed circumstance. <u>Id</u>. Respondents distinguish the pending petition on the grounds that here, respondents are attempting to remove petitioner to a third country, not to his native country under a repatriation agreement.

That distinction is counter-productive to respondents' argument.   The reliance on the repatriation agreement in <u>Munagi</u> was, at the very least, a nominal attempt to identify a changed circumstance in that case.   Here, respondents have made no such proffer beyond asserting that

> ICE made a determination that there was a significant likelihood of removal in the reasonably foreseeable future to Mexico.

That is insufficient to satisfy the government's burden under 8 C.F.R. § 241.13(i)(2).

Respondents also assert that the revocation of the OSUP was valid under 8 C.F.R. § 241.13(i)(1) because Doe violated conditions of his release.   They point to 1) a 2024 arrest for assault with a dangerous weapon and 2) a 2025 arrest for driving without insurance.   Their argument is equally unavailing.   When revoking an OSUP, the government must notify the alien of the reasons for revocation and afford the alien an opportunity to

-5-

respond to those reasons. 8 C.F.R. § 241.13(i)(3). Here, the government informed Doe that his OSUP was being revoked based upon changed circumstances, not violations of his conditions of release. The failure to satisfy that regulatory notice requirement bars any post-hoc justification for revocation.

Because respondents have failed to comply with their own regulation, and because that regulation "undoubtedly implicated petitioner's constitutional rights," the revocation of Doe's OSUP is invalid and his detention unlawful. Munagi, 813 F. Supp. at 229.

In light of this determination, the Court declines to address Doe's remaining arguments.

### ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that petitioner John Doe is to be released.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 24, 2026

-6-